**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000273
24-FEB-2020
07:52 AM**

NO. CAAP-19-0000273

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
AARON H. HINOJOSA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-17-0000466)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Chan and Wadsworth, JJ.)

Defendant-Appellant Aaron H. Hinojosa (**Hinojosa**)
appeals from: (1) the Judgment; Conviction and Probation
Sentence; Terms and Conditions of Probation; Notice of Entry
(**Judgment**), entered on February 27, 2019, in the Circuit Court of
the Second Circuit (**Circuit Court**); and (2) the Amended Judgment;
Conviction and Probation Sentence; Terms and Conditions of
Probation; Notice of Entry (**Amended Judgment**), entered on
February 28, 2019, in the Circuit Court.[1]

Plaintiff-Appellee State of Hawai'i (**State**) originally
charged Hinojosa by indictment with: (1) Criminal Property Damage
in the First Degree, in violation of Hawaii Revised Statutes
(**HRS**) § 708-820(1)(a)[2] (**Count 1**); (2) Assault in the Second

_____

[1]    The Honorable Richard T. Bissen, Jr., presided.  It appears that
the Amended Judgment merely corrected Hinojosa's middle initial.

[2]    HRS § 708-820(1)(a) (2014) states:

        **Criminal property damage in the first degree.**  (1) A
    person commits the offense of criminal property damage in
    the first degree if by means other than fire:

                                                    (continued...)

Degree, in violation of HRS § 707-711(1)(a)[3/] (**Count 2**); (3) Felony Abuse of Family or Household Member, in violation of HRS § 709-906(1) and/or (9)[4/] (**Count 3**); and (4) Abuse of Family or Household Member, in violation of HRS § 709-906 (**Count 4**). The charges stemmed from a May 25, 2017 incident in which Hinojosa struck his now ex-wife in the presence of their two-year-old daughter, and then pounded on the locked front door of his in-laws' residence, causing glass to shatter and injure his in-laws.

Hinojosa and the State reached a plea agreement, under which Hinojosa entered a plea of no contest to: (1) Count 1, which was amended to Criminal Property Damage in the Second

---

[2/](...continued)
   (a) The person intentionally or knowingly damages property and thereby recklessly places another person in danger of death or bodily injury[.]

[3/] HRS § 707-711(1)(a) (Supp. 2016) states:

  **Assault in the second degree.** (1) A person commits the offense of assault in the second degree if:

   (a) The person intentionally, knowingly, or recklessly causes substantial bodily injury to another[.]

[4/] In pertinent part, HRS § 709-906 states as follows:

  **Abuse of family or household member; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). . . . . .

  For purposes of this section:

  . . . .

  "Family or household member":

   (a) Means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons in a dating relationship as defined under section 586-1, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit[.]

  . . . .

  (9) Where physical abuse occurs in the presence of a minor, as defined in section 706-606.4, and the minor is a family or household member less than fourteen years of age, abuse of a family or household member is a class C felony.

HRS § 709-906(1) & (9) (2014 & Supp. 2016).

Degree, in violation of HRS § 708-821;[5] (2) Count 2, which was amended to Assault in the Third Degree, in violation of HRS § 707-712;[6] and (3) Count 4. The State agreed to dismiss Count 3. Hinojosa moved for deferred acceptance of his no contest plea **(Motion for DANC)**, pursuant to HRS § 853-1, as to Count 1. The Circuit Court denied the Motion for DANC, accepted the plea, and sentenced Hinojosa to probation, with conditions that included a 30-day jail sentence to be served on consecutive weekends.

On appeal, Hinojosa raises a single point of error challenging the Circuit Court's denial of the Motion for DANC as to Count 1.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Judgment and the Amended Judgment for the reasons explained below.

HRS § 853-1 provides that a court may defer further

---

[5]     In pertinent part, HRS § 708-821 (2014) states:

> **Criminal property damage in the second degree.** (1) A person commits the offense of criminal property damage in the second degree if by means other than fire:
>
> . . . .
>
> (b)   The person intentionally or knowingly damages the property of another, without the other's consent, in an amount exceeding $1,500[.]
>
> . . . .
>
> (2) Criminal property damage in the second degree is a class C felony.

[6]     HRS § 707-712 (2014) states:

> **Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:
>
> (a)   Intentionally, knowingly, or recklessly causes bodily injury to another person; or
>
> (b)   Negligently causes bodily injury to another person with a dangerous instrument.
>
> (2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

proceedings without accepting a plea of no contest if: (1) "i[t] appears to the court that the defendant is not likely again to engage in a criminal course of conduct;" and (2) "[t]he ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law[.]" HRS § 853-1(a) (2014).

The Hawaiʻi Supreme Court has made clear that a denial of a motion for DANC is properly within the discretion of the trial judge. See State v. Martin, 56 Haw. 292, 294, 535 P.2d 127, 128 (1975). Therefore, the trial court's decision "will not be disturbed on appeal unless there has been a plain and manifest abuse of discretion." Id. (citing State v. Sacoco, 45 Haw. 288, 294, 367 P.2d 11, 14 (1961)).

Hinojosa contends that the Circuit Court abused its discretion in denying the Motion for DANC by concluding that "Hinojosa did not deserve a break because he already received a break by the reduction of a class B felony to a class C felony and by the dismissal of the felony abuse charge." He argues that "[b]y considering the reduction in charge . . . rather than the factors contained in HRS § 853-1[,] the court acted in an arbitrary and capricious manner."

We reject this characterization. It is clear from the transcript of the sentencing hearing that the Circuit Court thoroughly reviewed the relevant records and circumstances and carefully considered the factors set out in HRS § 853-1. As to HRS § 853-1(a)(2), the court stated: "And whether the defendant will ever commit this again or not, I don't believe that's the case. I think he's made a lot of improvements[.]" But as to HRS § 853-1(a)(3), the court concluded: "I don't think I can find . . . that the ends of justice and welfare of society does not require [the defendant to presently suffer the penalty imposed by law]. I think it's the opposite." Thus, the Circuit Court expressly found that the third factor under HRS § 853-1(a) was not met.

In reaching this conclusion, the Circuit Court appears to have considered not only the benefit that Hinojosa received under the plea agreement, but also the violent nature of his

admitted conduct.   The court stated, in relevant part:

> The Court does not believe that the ends of justice and the welfare of society require that the defendant not presently suffer this penalty and I'll tell you specific reasons why.  That charge started off as a Class B felony. The State reduced it to a Class C.
>
> The defendant's two other felonies -- or one other felony.  I guess there were two at one point -- were also reduced or (inaudible).  And so the ends -- you are facing a C felony and two misdemeanors.  The Court believes that the defendant's goodwill or whatever compromise was made has already taken place.  It occurred in the plea agreement itself.
>
> And whether the defendant will ever commit this again or not, I don't believe that's the case.  I think he's made a lot of improvements, but I don't think I can find the third element, that the ends of justice and welfare of society does not require.  I think it's the opposite.
>
> So as (inaudible) the others will remain on his record but so will the felony charge, so that is denied, and, again, the Court is weighing the benefit of the (inaudible) he's received thus far.
>
> I also wanted to comment that I see the victim has forgiven the defendant in the letter.  She probably writes one of the more compelling letters of the packet and the Court puts a lot of weight on that.  She believes the defendant has always been a good father to their child and continues to be that, and it seems the parties have moved on from what I've heard.
>
> Whatever -- I mean, I guess this term is thrown around a lot, whatever, toxic relationship people get into doesn't always lead to violence, though.  It leads to separation. It leads to, you know, leaving each other and starting with someone else, but it doesn't always lead to violence so it's not translating, one necessarily equates to the other.

During the sentencing hearing, the Circuit Court clarified Hinojosa's conduct as it related to the charges for which he was being sentenced, and also noted that it had reviewed all of the letters submitted and the presentence investigation report.  Based on this record, we cannot conclude that the Circuit Court abused its discretion in assessing the factors under HRS § 853-1 and denying the motion for DANC.  The circumstances of the offense are plainly relevant to that assessment.  See State v. Karwacki, 1 Haw. App. 157, 159, 616 P.2d 226, 228-29 (1980); see also State v. D'Annibale, No. CAAP-14-0000715, 2017 WL 374760, at *2 (Haw. App. Jan. 26, 2017) (SDO) (circuit court did not abuse its discretion in denying DANC motion based on "ends of justice and welfare of society" factor, based on the potential danger to the public associated with

defendant's conduct).

We also note that Hinojosa cites no authority for the proposition that the benefit conferred on a defendant by a plea agreement <u>cannot</u> be considered in assessing the factors under HRS § 853-1. "Discretionary action must be exercised on a case-by-case basis," <u>Martin</u>, 56 Haw. at 294, 535 P.2d at 128, and, here, the Circuit Court performed an individualized assessment of the pertinent factors. The record does not reflect that the court acted arbitrarily or capriciously or exceeded the bounds of reason. In short, there was no abuse of discretion.

For these reasons, we affirm the Judgment, entered on February 27, 2019, and the Amended Judgment, entered on February 28, 2019, in the Circuit Court of the Second Circuit.

DATED: Honolulu, Hawai'i, February 24, 2020.

On the briefs:

Matthew Nardi
for Defendant-Appellant.

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6